UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

J. SARBOUKH,                                  :
                                              :   Civ. No. 13-3809 (DMC) (MF)
            Plaintiff,        :
                                              :
  v.                                          :   **OPINION**
                                              :
STATE OF NEW JERSEY,                          :
                                              :
            Defendant.        :
                                              :

**DENNIS M. CAVANAUGH, U.S.D.J.**

### I.    INTRODUCTION

Plaintiff is currently confined at the Special Treatment Unit – Annex, in Avenel, New Jersey. He has submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. Based on the *in forma pauperis* application, the Court will grant plaintiff's application to proceed *in forma pauperis* and will order the Clerk to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed with leave to amend.

### II.    BACKGROUND

In June, 2013, plaintiff submitted the instant complaint to the Court. (*See* Dkt. No. 1.) For purposes of screening the complaint, the allegations of the complaint are taken as true. The

1

complaint is one page and names the State of New Jersey as the only Defendant. As to Plaintiff's cause of action, he alleges as follows:

> Civil Statute 1983 civil rights violated by actions of the State anti-sematic hate crimes of violence/attempts on my life, civil and constitutional rights and ADA rights violated, traumatic [bodily] injury, teeth knocked out, stabbed, jaw broken, ribs fractured, etc.

(Dkt. No. 1 at p. 1.)

Plaintiff seeks money damages in an amount to be determined. (*See id.*)

### III. STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

2

complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his Constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Tp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988)).

### IV. DISCUSSION

The State of New Jersey is the only Defendant in this action. However, the State of New Jersey is not a "person" under § 1983 for purposes of liability. *See Mierzwa v. United States*, 282 F. App'x 973, 976 (3d Cir. 2008) (per curiam). Furthermore, the State of New Jersey has not waived sovereign immunity with respect to § 1983 claims in federal court. *See id.*; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for

litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity."). Accordingly, the complaint fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant who is immune from such relief.

## V. CONCLUSION

For the reasons set forth above, the complaint will be dismissed without prejudice for failing to state a claim and for seeking monetary relief against a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B). Nevertheless, as it is possible that Plaintiff may be able to supplement his complaint with facts and defendants sufficient to state a claim upon which relief may be granted, Plaintiff will be granted leave to move to re-open this action and to file an amended complaint. If Plaintiff choses to file an amended complaint, it should be complete on its face because an amended complaint supersedes the original complaint.

DATED: *Aug 5, 2013*

_____
DENNIS M. CAVANAUGH
United States District Judge

4